CATO GARRARD v. THE STATE.

| 50 | 147 |
|---|---|
| 72 | 120 |
| 50 | 147 |
| f77 | 709 |

1. CONSPIRATORS—ACTS AND DECLARATIONS WHEN EVIDENCE.—The general rule universally recognized is, that a foundation must first be laid by proof, sufficient *prima facie* to establish the existence of a combination before the acts and declarations of any conspirator or accomplice can be given in evidence to charge others. 1 Greenleaf Evid., 126; Browning v. The State, 30 Miss. Rep., 656.

2. CONFESSIONS—WHEN ADMISSIBLE.—The doctrine is well established that when a confession is induced by threats, or by a promise or hope of favor held out to the accused by the magistrate or officer making the arrest, it is inadmissible in evidence against him. 1 Greenleaf's Evid., 253. But where there is a conflict of testimony as to whether the confessions were voluntary, it is a question of fact for the jury to determine.

3. SAME—SAME.—Although the entire confession cannot be received in evidence, the weight of authority is, that so much of the confession as relates strictly to the fact discovered by it, may be given in evidence, for

the reason for rejecting involuntary confessions is, the apprehension that the accused may have been induced to say what is false.  Belote v. The State, 36 Miss. Rep., 96.

4. NEW TRIALS. — It is well settled that a new trial will not be granted for the admission of illegal evidence, to establish a fact which is sufficiently proven by other competent evidence; nor if it appears that, on another trial, a different result would not ensue, and it is manifest that justice has been done.  Nor because erroneous instructions have been granted, if the verdict be clearly right according to the enidence.  Pritchard v. Myers, 11 Smed. & Mar. R., 169; Hand v. Grant, 5 Smed. & Mar. R., 508.

ERROR to the Circuit Court of Issaquena County.   Hon. C. C. SHACKLEFORD, Judge.

The opinion of the court contains a sufficient statement of the case.

*Upton M. Young* and *Miller & Farish*, for plaintiff in error :

1. The testimony relating to statements made by Wilson implicating Cato Garrard, although such statements were made in his presence, should have been excluded from the jury.   Before the statements of codefendants can be given in evidence against each other, there must be a *prima facie* case established *aliunde.* Browning v. State, 33 Miss., 47.   The statements of one or more conspirators are competent against the others, if the conspiracy be first established by other testimony.   Lynes v. The State, 36 Miss., 617; Street v. The State, 43 ib., 1; Roscoe Cr. Ev., 49, 50.

2. Evidence of confessions by the accused was improperly admitted.   Cady v. State, 44 Miss., 333; Peter v. State, 4 S. & M., 31; Rosc. Cr. Ev., 30; Simon v. State, 37 Miss., 288; Jordan v. State, 32 ib., 382; Dick v. State, 30 ib., 593; Serpentine v. State, 1 How., 256.

*G. E. Harris,* Attorney General for the state, contended that the verdict as sustained by the law and evidence, and the judgment should be affirmed.   It has been held by this court in Belote v. The State, 36 Miss., 97, that "the fact that property alleged to have been stolen was found in consequence of information procured from the accused, but by improper means, is not admissible

in evidence against him unless the property so found be identified as the property stolen.    Wharton's Am. Cr. Law (2d ed.), 256; Russ. Cr., 845; Archb. Cr. Pr. .& Pl. (5th Am. ed.), 140; Van Buren v. State, 24 Miss., 512; Hudson v. The State, 9 Yerg., 408. The fact of finding the goods in consequence of the confessions is proper to go to the jury with all its attendant and corroborative circumstances, including the fact of his silence when Wilson stated his connection with the crime.

PEYTON, C. J., delivered the opinion of the court:

This is a writ of error from a judgment upon a conviction of the plaintiff in error of burglary.    The main questions presented by this record for our consideration involve in their solution an inquiry into the propriety of admitting testimony of the statements of one Alexander Wilson, an accomplice of the accused, not on trial, and of refusing an instruction asked by the defendant below, the plaintiff in error.

There being no proof of any combination or conspiracy between Wilson and the plaintiff, to commit the offense charged in the indictment, the statements of Wilson in regard to it, ought not to have been admitted in evidence on the trial of the accused.    Wilson, although an accomplice, was a competent witness, and his statements could only affect himself.    He was a codefendant in the indictment with the plaintiff, and before his statements could be given in evidence against the plaintiff, there must be a *prima facie* case established by evidence *aliunde.*    A foundation must first be laid by proof, sufficient *prima facie* to establish the existence of a combination, before the acts or declarations of any conspirator or accomplice can be given in evidence to charge others. This, as a general rule, seems to be universally recognized.    1 Greenl. Ev., 126, sec. 111, and Browning v. The State, 30 Miss., 656.

When tested by this rule, it is manifest that the court erred in admitting the statements of Wilson as evidence in the cause; there

having been no foundation laid by proof, establishing or tending to establish the existence of a conspiracy or combination by him and the party on trial to commit the offense charged.

The refusal to give the third instruction asked by the plaintiff is error. In that instruction, the court was asked to charge the jury, that statements made by Wilson are not evidence against the accused, unless the jury believe from the evidence that said Wilson and the accused conspired to commit the offense charged, and that such statements were made before the crime was committed. This announces a correct principle of law, and should have been given to the jury.

Joe Conger testified that Cato Garrard, Alexander Wilson and himself were, by Henry Hilliard, the officer that arrested them, carried before one Leon, a justice of the peace, who said to the accused (Cato Garrard) that if he would tell him all about the matter, he would let him off. And Sam Jones testified that he was at Leon's when the accused was brought there for examination, for breaking into Steele & Co's. store, and taking therefrom the goods in November, 1871, and heard Leon say to Cato, "I suspect you, and you had better tell all about it, if you want to get off." Then Cato said that he and Wilson had broken open the store and taken the things out to divide.

If it be true that these inducements were held out by the magistrate to the accused to confess, his confession would be clearly inadmissible against him upon his trial. There are three kinds of confesssion: 1. A confession in open court of the prisoner's guilt, which is conclusive, and renders any proof unnecessary. 2. The next highest kind of confession is that which is made before a magistrate. 3. The lowest is that which is made to any other person, and requires to be sustained by proof of corroborating circumstances.

The doctrine is well established, that when a confession is induced by threats or by a promise, or hope of favor, held out to the accused by a magistrate or by the officer making the arrest, it

is not admissible in evidence against him. The State v. Bostick, 4 Harrington, 563, and Commonwealth v. Taylor, 5 Cush., 605. A confession to a magistrate, who told the accused beforehand that it would be better for him to make a full confession, is not admissible. People v. Ward, 15 Wend., 231; 1 Phillip's Ev., 5 Am. Ed., 445, top page; and 1 Greenl. Ev., 253, sec. 222.

But against the testimony of these two witnesses, is that of Henry Hilliard, the officer who had the accused in custody, who testified that Cato Garrard and Joe Conger were taken by him before Esquire Leon, a justice of the peace, and then Cato Garrard confessed, without any promises or threats being made by said justice, that he and Wilson had broken open the store and taken the things out. This conflict of testimony raises a question of fact, as to whether any inducement was held out to procure the confession, and that question was very properly left to the jury to decide.

Hilliard further testified that some of the things were found, where Cato said they were. And the things spoken of by the witness were evidently the stolen goods taken from the store, for which Cato was then in custody and about which the examination was then being had. This was undoubtedly legitimate evidence, even though the confession may have been improperly obtained. For the object of all the care which is taken to exclude confessions which are not voluntary, is to exclude testimony not probably true. But where in consequence of the information obtained from the prisoner, the property stolen or any other material fact is discovered, it is competent to show that such discovery was made conformably to the information given by the prisoner. The statement as to his knowledge of the place where the property or other evidence was to be found, being thus confirmed by the fact, is proved to be true, and not to have been fabricated in consequence of any inducement. 1 Greenl. Ev., 262, sec. 231.

And although the entire confession cannot be received in evidence, the weight of modern authority is, that so much of the

confession as relates strictly to the fact discovered by it may be given in evidence; for the reason, as before stated, of rejecting such confessions is the apprehension that the accused may have been induced to say what is false, but the fact discovered shows that so much of the confession as immediately relates to it, is true. It is, therefore, well settled upon reason, principle and authority, that it is competent to show that the witness was directed by the accused where to find the goods, and that they were found there accordingly.    Belote v. The State, 36 Miss., 96.

If the confession of the accused was voluntary, which led to the discovery of part of the goods stolen, there can be no reasonable doubt that the conviction was right.    And had the court rejected the statements of Wilson, and given the instruction asked by the accused, the result must properly have been the same.

But whether there was any inducement held out by the magistrate to make the confession, was a fact within the province of the jury to decide, and their finding, under the charge given them by the court on behalf of the accused, " that confessions made by the prisoner under the influence of a promise or hope of reward held out to him by the person having him in custody, are not competent evidence to convict him of the crime so confessed, unless there is other evidence sufficient to satisfy the minds of the jury of the guilt of the accused," that the accused was guilty of the crime charged in the indictment, justifies the belief that they found the confession was voluntarily made.    This must have been so.    The verdict of the jury cannot be accounted for upon any other hypothesis, unless they believed that the other evidence was sufficient to establish the guilt of the accused.    The instruction thus given for the accused cured the errors in admitting Wilson's statements in evidence, and the refusal of the third instruction asked by the accused.    The instruction given was substantially the same as that refused, and must have destroyed the effect which Wilson's admissions and statements might have had upon the minds of the jury, if that instruction had not been given to them.

Upon the whole, we think the conviction was right upon the evidence. It has been repeatedly held that a new trial will not be granted for the admission of illegal evidence to establish a fact, which is otherwise sufficiently proven by other and competent evidence, nor if it appear that on another trial, there is little reason to believe that the result would be different, and it is clear that justice has been done. Hand v. Grant, 5 S. & M., 508, and Ford v. Williams, 6 George, 533. Nor will a new trial be granted because of a refusal to give a correct instruction, if the verdict be clearly right according to the evidence, and should not have been different, if the instruction had been given. Pritchard v. Myers, 11 S. & M., 169; Wiggins v. McGimpsey, 13 S. & M., 532, and Holloway v. Armstrong, 1 George, 504.

The judgment is affirmed.