MARTHA WELLS *v.* STATE OF MISSISSIPPI.

[43 South., 610.]

CRIMINAL LAW AND PROCEDURE. *Receiving stolen property. Indictment. Description of goods.*

> It is essential in an indictment for receiving stolen property to describe the property with the same particularity as is required in an indictment for larceny.

FROM the circuit court of Lauderdale county.

HON. ROBERT F. COCHRAN, Judge.

Mrs. Wells, the appellant, was indicted and tried on a charge of receiving stolen property, was convicted, fined $100 and sentenced to the county jail for ninety days. From the conviction and sentence she appealed to the supreme court.

The indictment, after its formal parts, charged that appellant "did unlawfully and feloniously obtain goods, the personal property of J. M. Smith and J. A. Pigford, of the value of about $30, before then feloniously stolen, taken and carried away; the said Martha Wells well knowing the said goods and chattels to have been stolen, taken and carried away; and the said Martha Wells did then and there feloniously have, take and conceal said goods; contrary to the form of the statute in such cases made and provided," etc.

The appellant demurred to the indictment on the grounds that it was too vague and indefinite, there being no description of the property which she was charged to have received. The court below overruled the demurrer. There was a trial and jury verdict against appellant, the value of the property being by the jury found to be $17.50, less than the amount necessary to constitute grand larceny, had the indictment been for stealing.

Code 1906, § 1259 (Code 1892, § 1181) is as follows: "If

a person buy or receive in any manner or on any consideration personal property of any value, feloniously taken away from another, knowing the same to have been so taken, he shall be guilty of receiving stolen goods, and on conviction, shall be punished by imprisonment in the penitentiary not more than five years, or by imprisonment in the county jail not more than six months, and by fine, not more than two hundred dollars."

*F. V. Brahan,* for appellant.

The appellant's demurrer to the indictment should have been sustained. The indictment was not good, under Code 1906, § 1259. It did not describe the property, nor specify the value of the same, nor from whom appellant received it. Nor does it properly charge any offense under the statute.

*George Butler,* assistant attorney-general, for appellee.

It cannot be denied that the facts showed that appellant was guilty of receiving stolen property.

It must be admitted, however, that the action of the court in overruling the appellant's demurrer to the indictment is questionable. Whether such action was prejudicial to appellant is respectfully submitted to the court without discussion.

WHITFIELD, C. J., delivered the opinion of the court.

The demurrer to the indictment should have been sustained. It is essential, in an indictment for receiving stolen property, to describe the property with the same particularity as is required in an indictment for larceny. See 2 Bishop, New Crim. Proc., secs. 982, 983; *Ib.* sec. 699 *et seq.*

*The judgment is reversed, the demurrer to the indictment sustained, the indictment quashed, and the prisoner will be held to await a proper indictment.*