MAXEY v. STATE.

(Division A. Nov. 10, 1930.)

[130 So. 692. No. 28821.]

Collins & Collins, of Laurel, for appellant.

**Edwin R. Holmes, Jr.,** Assistant Attorney-General, for the state.

**Smith, C. J.**, delivered the opinion of the court.

The grand jury returned two indictments against the appellant, each charging him with the sale of intoxicating liquor, one of them being numbered 150, and the other, 152.

At the October, 1929, term of the court below, the appellant was tried on indictment No. 152, and at the close of the evidence, the district attorney, with the permission of the court, entered a nol pros. At a subsequent term of the court, the defendant was tried on the other indictment, No. 150. He filed a special plea of former jeopardy thereto, the ground of which is that on the former trial evidence was introduced by the state as to sales of intoxicating liquor made by the appellant covering the period of time within which sales must have been made, if at all, under indictment No. 150, on which he was then being tried. This plea was not permitted to prevail, and that fact constitutes one of the assignments of error here.

The argument in support of the plea is, in substance, that under the evidence on the former trial the appellant was entitled to a directed verdict if not guilty which would have barred the prosecution under indictment No. 150, and that he could not be deprived of that right by the entry of a nol pros by the district attorney. One of several answers to this contention is that under section 22 of the Constitution ''there must be an actual acquittal or conviction on the merits to bar another prosecution.''

The court below charged the jury for the state: ''That if you believe from the evidence in this case, beyond a reasonable doubt that the defendant John Maxey did, in the month of August, 1928, in the Second judicial district, Jones county, Mississippi, unlawfully sell intoxicating liquor, as testified to by the state's witness, then under the law it is your sworn duty to find the defendant guilty as charged.'' This instruction is objected to because of the words therein ''as testified to by the state's witness.'' These words could have and probably should have, been omitted from the instruction; but the record does not dis-close that the appellant was, or could have been, in any way prejudiced thereby.

The appellant was refused the following instruction: ''The court instructs the jury for the defendant, that a case like this is easy fabricated and difficult to defend and if you have a reasonable doubt arising from the evidence or lack of evidence, you must turn defendant loose.'' This instruction is said by counsel for the appellant to have been approved in Johnson v. Walker, 86 Miss. 757, 39 So. 49, 1 L. R. A. (N. S.) 470, 109 Am. St. Rep. 733. That was a bastardy case in which a verdict and judgment was rendered for the plaintiff. The defendant, who was the appellant in the supreme court, complained of the admission of certain testimony, which the court said could not have prejudiced him for several reasons; one being that he was granted an instruction that ''this is a case where the charge is easy to fabricate and difficult to defend,''

and which the court said was "quite as liberal to the defendant as he was entitled to, and must have minimized the effect of this corroborative evidence." The appellant having been granted the instruction could not complain thereof, and the appellee having obtained a verdict had also no cause to complain thereof, so that no question of the propriety of granting it was presented to or decided by the court. The instruction is a "comment on the testimony" which counsel for the appellant could very well have made when addressing the jury but which a trial judge is forbidden to make by section 793, Code 1906, Hemingway's Code 1927, section 591.

Affirmed.