SMITH *et al. v.* STATE.

(Division A.   Nov. 14, 1932.)

[144 So. 471.   No. 29923.]

**C. H. Crump,** of Cleveland, for appellants.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a conviction of burglary. The burglary charged is that of a building owned by Smith & Wiggins, Inc., with intent to steal property therein, described as two automobile tires, one rifle, and two dollars in cash. Evidence was disclosed that the building was entered in the nighttime, by the breaking of a plate glass door, and, when the burglary was discovered the next morning, two automobile tires and a rifle which were in

the building the night before were missing. The cash register also had been broken into, and the money therein the night before was missing. This money consisted of a five dollar bill, three or four one dollar bills, and some silver. The five dollar bill was torn almost in half when placed in the cash register.

The appellants were suspected of the burglary, and a warrant for the search of the person of Percy Smith was sued out. The officer having this warrant, and who was accompanied by others, searched Percy and found a torn five dollar bill and four one dollar bills on his person. They then caused Percy to enter an automobile they were driving, picked up the other defendant, and took them "for a ride" into the woods, where they extracted from them, by third degree methods of extreme brutality, a confession that they committed the burglary, but which the court, on an examination as to its competency, out of the presence of the jury, declined to permit to be introduced in evidence. After this confession was extracted, the appellants told the officers that the tires and rifle were hidden under a barn, and, on being taken thereto by the officers, one certainly, and probably both of them, went under the barn and brought out the tires and rifle. The five dollar bill was identified by one of the clerks at Smith & Wiggins as being the one that was in the cash register, the rifle as also being the one that was in the building, and the automobile tires as being of like kind.

The evidence as to what the search of Percy's person disclosed was objected to, for the reason that it was unlawful; no warrant therefor being authorized by law. It does not clearly appear from the evidence whether this search was made before or after Percy's arrest, but, as the facts then within the knowledge of the officer making the arrest other than what was disclosed by the search would not have justified the arrest, we will assume, for

the purpose of the argument, that the search was unlawful. Any error in its admission was cured, for Percy himself testified and admitted having the money. The evidence regarding the information given the officers as to the whereabouts of the tires and rifle was also objected to, for the reason that it was given as a part and continuation of the confession unlawfully extracted from the appellants. There is no merit in this contention. The confession itself was inadmissible, but the acts and conduct of the appellants in producing the tires and rifle were admissible. Belote v. State, 36 Miss. 96, 72 Am. Dec. 163; Garrard v. State, 50 Miss. 147. In Whitley v. State, 78 Miss. 255, 28 So. 852, 53 L. R. A. 402, evidence of this character was held to be inadmissible; but the court there pointed out that the article there found, pursuant to information given by the appellant as to its whereabouts, was not identified as being the property taken from the person murdered.

Part of the information given these officers, and permitted to go to the jury, was that they had put the tires and rifle under the barn. We are not called on, however, to pass on its competency, for the reason that no objection was made to it when offered.

The appellants themselves testified in their own behalf, and the district attorney, over their objection, was permitted to cross-examine them as to statements made by them to the officers, indicating that they had confessed to committing the burglary. The making of these statements was denied by each of the appellants; but it is clear from the evidence that the jury could not but have understood to what the district attorney referred, that is, to statements indicating guilt which the district attorney was advised had been made by the appellants to the officers at the time the information as to the whereabout of the property was given them. The jury must have assumed, as they had the right to, that the district at-

torney would not have asked the questions unless he was in possession of information indicating that the confessions therein referred to had been made. The confession having been excluded, the cross-examination of the appellants relative thereto should not have been permitted. The court below did sustain objections to some of these questions, but unfortunately did not sustain objections to all of them. The theory on which the court permitted the examination was that it was within the latitude allowed for cross-examination. The evidence here rests solely on the circumstance that the appellants were in possession of property recently obtained by some one by means of the burglary; and the character of the cross-examination here under consideration no doubt added very greatly to the confidence of the jury in returning its verdict of guilt, without which it might not have otherwise convicted.

Reversed and remanded.