HARVEY *et al. v.* STATE.

(Division B. April 1, 1940.)

[194 So. 925. No. 33981.]

N. R. Shoemaker and H. L. McLaurin, both of Mendenhall, and Henry B. Leach, of Jackson, for appellants.

**W. D. Conn, Jr.**, Assistant Attorney-General, for the State.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellants were indicted and tried in the circuit court of Simpson county on a charge of grand larceny. They were convicted, and sentenced to a term of five years each in the state penitentiary. It appears from the evidence that on a Saturday in May, 1939, three suits of clothes were stolen from the store of a Mr. Mangum, and also certain clothing was stolen from the store of Mr. McAlpin in Simpson County, Mississippi. Mr. McAlpin missed his clothes from his store and informed officers of that fact. John Sales was at a car parked near these

stores, and two others, Rufus and Annie Harvey, were in and around then in the various stores, and these people were under some suspicion. The officers went to where Sales was and they placed him under arrest, commanding him not to leave the car. Shortly thereafter, Rufus Harvey and his wife, Annie Harvey, came to the car, Rufus Harvey having a pasteboard box, the lid of which was partly open, and clothing was noticed in the box when they came up to the car. Seeing the officers, Rufus took from the car a stick or club, some two feet in length and about the size of a chair round, apparently for the purpose of striking the officers, but he was arrested, and the box looked into. Three suits of clothing were found therein. The officers took the parties to McAlpin's store and Mr. McAlpin examined the clothing and found it was not clothing taken from his store, but knowing that Mr. Mangum handled clothing of the same manufacturer he called Mr. Mangum over the telephone. He and some of his employees came over. They examined the clothing and identified it by cost marks and sales price tags on it as being Mr. Mangum's property.

Annie and Rufus Harvey had been in the store of Mangum during the day. It was on a Saturday, the salesmen were busy, and Mr. Mangum himself was in the store. Annie Harvey engaged one of the clerks to examine and try on shoes. His attention was so occupied. The other salesmen in the store and Mr. Mangum were busy at that time and they did not see either of the appellants take the clothing. Mr. Mangum and two of his salesmen were introduced as witnesses and testified to their being present in the store and to their being busy, and testified that Annie and Rufus Harvey did not buy anything from them while in the store, but Annie Harvey tried on shoes and examined shoes occupying the attention of one of the clerks in that regard. There was one clerk who was not introduced for some reason. The goods were taken from the store—three suits approximately the same quality and price, which within itself

would be an unusual proceeding. Then when appellants were arrested and the clothing examined, they remained silent, and, when taken to the McAlpin store where the clothing was examined, made no claim that they had purchased this clothing from Mangum's store. When Mr. Mangum and his employees were called to the store, both Annie and Rufus maintained silence, making no claim in reference thereto. Furthermore, they did not testify in the case, resting their case upon the State's evidence.

It is first contended that the indictment does not charge a felony but charges merely three separate misdemeanors. Omitting the parts, except the charge of the goods stolen; the indictment reads: "then and there willfully, unlawfully, and feloniously take, steal, and carry away one suit of clothes of the value of $15, and one suit of clothes of the value of $15, and one suit of clothes of the value of $15, then and there the property of C. C. Mangum, trading and operating in the name of the Mangum Mercantile Company, a more perfect description of which said property is to the grand jurors unknown." The indictment, while it names the three separate suits and the price of each, does not charge the total amount, but necessarily the taking and stealing of three separate suits of the separate values of $15 each, aggregates $45, and constitutes grand larceny. It is further objected to the indictment that the description of the property stolen was insufficient. We do not think there is any merit in this, as the grand jury recited in the indictment that a more perfect description of said property is to the grand jurors unknown. This conforms to the law when a definite description cannot be precisely obtained, and in such case proof may be offered as was done here of the kind and value of the clothes stolen. It is urged that the evidence is insufficient to show that either of the appellants stole the clothing from the store of Mangum, and mention is made of the fact that one or more clerks working in the store on that day was not introduced to testify affirmatively that the defendants did

not buy the clothing from them. When Mangum was called by Mr. McAlpin about the matter, his store was examined and the three suits of clothes were missing, and no evidence of their sale appears to have been found.

The defendants under the circumstances when arrested on suspicion of stealing from Mr. McAlpin and when the clothing was taken from them, made no explanation of their possession of the clothes, and made no claim to having bought them from Mangum's. While a defendant is not called on to testify in a case if he does not desire to do so, yet the circumstances of the case may be such as to lead a reasonable person to believe beyond doubt that their conduct was not consistent with innocence. The fact that they had the clothing and were accused of stealing it from another party and remained silent, giving no explanation at all, indicates to the reasoning mind that if they could have made the contention that they had bought the clothing and relieved themselves of suspicion they would have done so. While a person may remain silent where circumstances would require a prompt explanation consistent with innocence, inferences may be drawn from such silences in favor of guilt. It is the case of "though silent, yet they speak out." Taking all the circumstances involved, some of which it is unnecessary to detail, we think the evidence is such that the jury were warranted in finding both Annie and Rufus Harvey guilty; Rufus Harvey was the one who stole the clothing and had possession of it, and Annie was with him, and under the circumstances detailed above the jury was authorized to believe that she was merely engaging the clerk for the purpose of distracting his attention to the presence and action of Rufus Harvey. She was with him when he came to the car carrying the clothing which he had obtained in the Mangum store wherein she was present. All the facts indicate guilt and none of the facts indicate innocence so far as Rufus and Annie Harvey are concerned, and the judgment as to them will be affirmed. The evidence,

however, against John Sales only showed that he was present at the car which was used by Rufus and his wife and Sales in coming to the town where the theft took place. There is nothing that sufficiently indicates that he was a conspirator. Although his presence under the circumstances amounts to suspicion, it is not sufficient to sustain a conviction as to Sales. Consequently the judgment will be reversed as to John Sales and he will be discharged. A peremptory instruction having been requested, we find no error in the record as to the other two defendants.

Affirmed as to Rufus and Annie Harvey, reversed as to Sales and he discharged.