### DANIELS v. STATE.

Division B. Oct. 8, 1951.

No. 38043 (54 So. (2d) 272)

C. L. Stockdale and Joe Griffin, for appellant.

George H. Ethridge, Assistant Attorney General, for appellee.

Hall, J.

This appeal is from a conviction for receiving stolen property. Appellant was driving an automobile owned by him and had as passengers therein Walter Giles and Blanche Ballard. They stopped in Winona, Mississippi, where Walter Giles left the car for about ten minutes. On his return he brought some cheese and cookies and they drove away. Giles presently produced a diamond cluster ring and placed it on Blanche's finger with the remark that he had "lifted" it. The jeweler from whom the ring had unquestionably been stolen discovered its loss in a short time and reported it to the local officers with a description of Walter Giles and a description of the ring. This information was broadcast on the highway patrol radio and received by the officers in Eupora, Mississippi, who on the same day apprehended the three parties and carried them to the city hall for questioning. Blanche Ballard handed the ring to appellant and told him to get rid of it. While in the city hall appellant noticed a box of stationery in a desk drawer, slipped the ring into the box, replaced the lid on it, and closed the drawer.

The questioning brought no admission of knowledge of the ring, but the officers were not satisfied and carried the parties to the county seat where they spent the night, and the questioning was resumed on the next morning with the result that appellant freely and voluntarily admitted receiving the ring from Blanche Ballard and

admitted hiding it in the desk drawer in the city hall at Eupora. He also admitted hearing Giles say he had ''lifted'' it and said that he knew it must have been stolen because Giles did not have enough money to buy it. He willingly accompanied the officers back to Eupora, led them to the desk drawer and produced the stolen ring. There was no denial of the related facts and no witness was offered by appellant.

Appellant first contends that the trial court erred in overruling a demurrer to the indictment which raised the question of sufficiency of the description of the property. ██ █ The indictment described the property as ''a certain diamond ring, a better description of said diamond ring being to the Grand Jurors unknown.'' Appellant relies on Wells v. State, 90 Miss. 516, 43 So. 610, wherein it was held that the description ''goods, the personal property of J. M. Smith and J. A. Pigford'' was insufficient, but it will readily be noted that this description gave no sort of idea as to the kind or type of goods involved. In Jones v. State, 51 Miss. 718, 723-724, 24 Am. Rep. 658, this Court held that the description ''one mule'' and ''one horse'' is sufficient to apprise the defendant of the nature of the charge against him and that it was not necessary for the indictment to charge the color, size, height, sex, age, or any other particular concerning the property by way of description or identity. In Harvey v. State, 188 Miss. 428, 194 So. 925, 926, it was held that a description as a ''suit of clothes'' is sufficient without enlarging thereon. Under these authorities it would have been sufficient for the indictment to describe the property merely as a ring, but the indictment went further and described it as a diamond ring. We conclude, therefore that the demurrer was properly overruled.

It is next contended that the appellant's confession and statements against interest should not have been admitted. There is no contention that the statements were not freely and voluntarily given, but it is argued that

they should not have been admitted until the corpus delicti was first established. Before offering this proof the State had already put in evidence the testimony of the jeweler from whom the ring was stolen and he not only established the theft but fully identified the ring which was recovered as well as Walter Giles who stole it. The rule is well established in this State that while a confession alone, unsupported by other evidence, is insufficient to establish the corpus delicti, nevertheless, "Where there has been a confession by the accused, much slighter proof is required to establish the corpus delicti than would be necessary where the State must make out the entire case unaided by a confession. Any corroborative proof in such a case will be sufficient which satisfies the mind that it is a real and not an imaginary crime which the accused has confessed, and the fact that he was the guilty party may be found by the jury on proof much slighter than that ordinarily essential." Heard v. State, 59 Miss. 545; Keeton v. State, 175 Miss. 631, 167 So. 68; Phillips v. State, 196 Miss. 194, 16 So. (2d) 630; Gross v. State, 191 Miss. 383, 2 So. (2d) 818.

Bearing in mind, as stated in the above quotation, that the reason for requiring corroborative proof aliunde the confession in establishing the corpus delicti is to satisfy the mind that it is a real and not an imaginary crime which the accused has confessed, and, bearing in mind that the appellant led the officers to the very spot where he had secreted the ring and there obtained it and delivered it to them, and it was positively identified as being the stolen ring, there comes into play another principle which was announced in Garrard v. State, 50 Miss. 147, 151: "But where in consequence of the information obtained from the prisoner, the property stolen or any other material fact is discovered, it is competent to show that such discovery was made conformably to the information given by the prisoner. The statement as to his knowledge of the place where the property or other evidence was to be found, being thus confirmed by the fact, is proved to be true, and not to

have been fabricated in consequence of any inducement. 1 Greenl. Ev., 262, sec. 231." See also Belote v. State, 36 Miss. 96, 117-118; Smith v. State, 166 Miss. 893, 898, 144 So. 471; Brister v. State, Miss., 51 So. (2d) 759, 762, not yet reported in the State Reports. We conclude, therefore, that there was no error in admitting appellant's statements, and particularly is this true when consideration is given to the fact that appellant led the officers to the ring in the very spot where he admitted he had concealed it.

It is next argued that appellant's motion to exclude the evidence for the State and to grant him a peremptory instruction should have been sustained because the prosecution failed to prove that he received the stolen ring knowing that it was stolen. Putting out of the picture for the moment the fact that appellant admitted that Walter Giles said he had "lifted" the ring and the further fact that he admitted that he knew the ring was stolen because he knew Giles did not have sufficient money to have bought it, there still remains the proof that appellant knew where the ring was hidden and led the officers to it and gave it to them, and from this the jury would have been justified in finding that he had had it in his possession. There was no explanation as to why he had it in his possession. His statements to the officers and his actions in the matter were sufficient to make an issue for decision by the jury on the question whether he had knowledge of the stolen character of the property.

 It is further argued that the action of appellant in receiving the ring from Blanche Ballard and placing it in the drawer is not a violation of the statute. This prosecution is under Section 2249, Code of 1942, which provides: "If a person buy or receive in any manner or on any consideration personal property of any value, feloniously taken away from another, knowing the same to have been so taken, he shall be guilty of receiving stolen goods * * *." Section 2538, Code of 1942,

makes the offense a misdemeanor if the value of the property is less than $25.00 and a felony if the value be $25.00 or over. It was shown without dispute that the ring was stolen and that its value was much more than $25.00. Under the quoted statute if appellant received this ring in any manner knowing it to be stolen, the jury was justified in finding him guilty. It is true that he had it in his manual possession for a very short time, but he accomplished his purpose to put it in hiding, and thereby exercised control and dominion over it. This was sufficient under the broad terms of our statute to constitute a receiving of the property. 45 Am. Jur. Receiving Stolen Property, Sec. 3.

It is argued finally that the verdict is contrary to the overwhelming weight of the evidence and that consequently the motion for a new trial should have been sustained. We are unable to agree with this contention and the judgment of the lower court is accordingly affirmed.

Affirmed.