# W. O. GANT *v.* STATE.

Feb. 1, 1954

No. 38994          51 Adv. S. 20          70 So. 2d 26

*Stone & Stone,* Coffeeville, for appellant.

*John E. Stone,* Asst. Atty. Gen., Jackson, for appellee.

McGEHEE, C. J.

There was an indictment returned in Grenada County against the appellant, W. O. Gant, and his son, Fred Gant, wherein they were charged with the theft of "one Chevrolet motor complete less head" (shown by the proof to have been a 1941 model), and "one Chevrolet motor complete less head" (shown by the proof to have been a 1946 model), and "one Plymouth motor complete with head (shown by the proof to have been a 1947 model), each of the value of $25, all alleged to have been the personal property of Gilbert P. Vance and Preston T. Vance, a partnership doing business as Grenada Sales Company, a "more particular and perfect description of said personal property being to the grand jury unknown." The accused were separately tried and convicted, and have prosecuted appeals.

The proof disclosed that the owners of the property had frequently acquired motors which they caused to be rebuilt for sale or use, and that some of such motors contained motor numbers and some did not. The owner did not know, or at least failed to furnish to the grand

jury, the motor numbers of the particular three motors involved in the theft, and hence the indictment did not specify the numbers of these motors which were stolen at some time between Saturday, the 13th day of December 1952, and Monday, the 15th day of December 1952, from the place of business of the partnership. The owners of the stolen property ascertained that the same had been sold and delivered on Monday, December 15th, to the Mississippi Iron and Metal Company, doing business at Grenada, Mississippi. The manager of the purchasing company had taken the license tag number of a blue automobile in which the motors had been carried to the place of business of the purchaser by the appellant and his son, who gave their names as "Odle".

The proof further disclosed that the appellant was the owner of the automobile bearing such license tag, and the appellant was identified in court as the man who was present, along with his son, when the sale took place and when the motors were delivered to the purchaser.

In other words, the proof was ample to sustain the conviction of the appellant on the charge of grand larceny. But on this appeal he contends that the court erred, first, in overruling his demurrer to the indictment which challenged the sufficiency of the description of the motors in that the indictment did not state the motor number of each of the motors that were alleged to have been stolen. This point is not well taken under the decisions of this Court as reflected in the following cases: Jones v. State, 51 Miss. 718; Jackson v. State, 173 Miss. 776, 163 So. 381; Harvey v. State, 188 Miss. 428, 194 So. 925; and Daniels v. State, 212 Miss. 223, 54 So. 2d 272.

Second. The appellant contends that the trial court erred in refusing an instruction which describes the presumption of innocence as a "living witness, denying the guilt and corroborating every fact and every circumstance looking toward defendant's innocence." This

contention is not well taken under the decisions of this Court in the cases of Carr v. State, 192 Miss. 152, 4 So. 2d 887; Lott v. State, 204 Miss. 610, 627, 37 So. 2d 782. See also the case of Bone v. State, 207 Miss. 20, 40, 41 So. 2d 347; and the case of Wright v. State, 209 Miss. 795, 48 So. 2d 509.

■■■ Third. That the court erred in granting certain instructions to the State which contained the phrase "as testified to by the witnesses." The phrase, and variations thereof, appear in two or more of the State's instructions, but we do not think the use thereof constitutes reversible error in this case under the decision of this Court in the following cases: Meridian Sanatorium v. Scruggs, 121 Miss. 330, 337, 83 So. 532; Maxey v. State, 158 Miss. 444, 448, 130 So. 692; General Geophysical Co. v. Brown, 205 Miss., 189, 208, 38 So. 2d 703.

■■ Fourth. That the court erred in permitting the introduction of testimony on behalf of the State which tended to more fully describe the automobile motors involved in the theft than did the description contained in the indictment. We are of the opinion that there was no error in permitting the introduction of this testimony since we are holding that the indictment contained a sufficient description of the property under the decisions hereinbefore cited under the first assignment of error.

We find that no reversible error was committed on the trial of the case, and that the verdict being supported by sufficient evidence under the conflicting testimony, the judgment appealed from should be affirmed.

Affirmed.

*Hall, Lee, Kyle,* and *Holmes, JJ.,* concur.