# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 1999-IA-00090-SCT

*KHANG SON NGUYEN AND THI MAI LE*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/03/1999 |
| TRIAL JUDGE: | HON. EDWIN C. HARDIN |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | BERNARD GAUTIER |
| | ROSS PARKER SIMONS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:     JOHN R. HENRY |
| DISTRICT ATTORNEY: | JAYE A. BRADLEY |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED - 06/15/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 7/6/2000 |

**EN BANC.**

**PRATHER, CHIEF JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. This case comes on interlocutory appeal from the Circuit Court of Jackson County, subsequent to the overruling of the appellant demurrer to the indictment. Khang Son Nguyen and Thi Mai Le, appellants, were indicted on March 18, 1998, together with three other people, for the felony crime of receiving stolen property. The appellants argue that the indictment is insufficient on its face because it does not set forth with sufficient particularity all of the elements of the charge of knowingly receiving stolen property. They also argue that they are not sufficiently appraised by the indictment so as to know with what they are charged. They further argue that the indictment fails to describe with sufficient particularity the items of property allegedly stolen. The appellants urge that because of these insufficiencies in the indictment they might not be able to defend themselves by pleading double jeopardy in the event of some subsequent prosecution. The appellants claim that these insufficiencies impinge on their fundamental constitutional right to due process, rendering the indictment insufficient as a matter of law. They argue that the indictment should therefore be dismissed.

¶2. The State argues that the circuit court did not err in overruling the demurrer because the indictment was in compliance with the Mississippi Rules and because it properly set out the elements of the felony of

receiving stolen property. The indictment charges the appellants as follows:

> **That in Jackson, County, Mississippi, on or about DECEMBER 12, 1997, did unlawfully, willfully and feloniously receive 114 items, including televisions, C.D. players, VCR's, cameras, tools and microwaves, of the value of Two Hundred and Fifty Dollars ($250.00) or more, the personal property of multiple owners, knowing the said property to have been stolen feloniously, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.**

## STANDARD OF REVIEW

¶3. The question of whether an indictment is fatally defective is an issue of law and deserves a relatively broad standard of review by this Court. *Peterson v. State*, 671 So.2d 647, (Miss. 1996).

## STATEMENT OF THE LAW

¶4. The State argues that the substantive provision of the indictment demonstrates that the Grand Jury fully and properly alleged the elements of the felony of receiving stolen property. The State argues that the indictment sufficiently sets out the elements of the crime, the crime in this case being the receipt of stolen property.

> The indictment upon which the defendant is to be tried shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation against him....Further, this Court has held that if a statute fully and clearly defines an offense, an indictment in the language of the statute is sufficient. Johnson v. State, 475 So.2d 1136 (Miss.1985), citing Jackson v. State, 420 So.2d 1045 (Miss.1982).

*Cummins v. State*, 515 So.2d 869, 872 (Miss. 1987) overruled on other grounds, *Morgan v. State*, 703 So.2d 832-841 (Miss. 1997).

¶5. The relevant statute governing the definition of receiving stolen goods is Miss. Code Ann. § 97-17-70 "Receiving stolen property":

> (1) A person commits the crime of receiving stolen property if he intentionally possesses, receives, retains or disposes of stolen property knowing that it has been stolen or having reasonable grounds to believe it has been stolen, unless the property is possessed, received, retained or disposed of with intent to restore it to the owner.

Miss. Code Ann. § 97-17-70 (1994).

¶6. The indictment alleges that the appellants "unlawfully, wilfully, and feloniously" received certain stolen items, knowing that such items had been stolen. The appellants are therefore on notice of the fact that they are being charged with the felony offense of receiving stolen property as described in the above statute. More problematic, however, is the description of the stolen goods which were allegedly received by the appellants. The appellants claim that the indictment does not fully notify them of the essential fact at issue - what was the stolen property that was allegedly received?

¶7. The relevant rule governing the sufficiency of an indictment is Uniform Circuit and County Court Rule

[7.06](#).[(1)](#) In ***Armstead v. State*** 503 So.2d 281 (Miss. 1987), this Court held that all questions regarding the sufficiency of indictments are determinable by reference to Rule 2.05 which articulated seven elements which are to be included in any indictment. ***Id***. at 283. [Rule 7.06](#) of the Uniform Circuit and County Court Rules, the rule governing this case, articulates the same seven elements:

> The indictment upon which the defendant is to be tried shall be a plain, concise and definite written statement of the **essential facts** constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation. Formal and technical words are not necessary in an indictment, if the offense can be substantially described without them. An indictment shall also include the following:
>
> 1. The name of the accused;
>
> 2. The date on which the indictment was filed in court;
>
> 3. A statement that the prosecution is brought in the name and by the authority of the State of Mississippi;
>
> 4. The county and judicial district in which the indictment is brought;
>
> 5. The date and, if applicable, the time at which the offense was alleged to have been committed. Failure to state the correct date shall not render the indictment insufficient;
>
> 6. The signature of the foreman of the grand jury issuing it; and
>
> 7. The words "against the peace and dignity of the state."
>
> The court on motion of the defendant may strike from the indictment any surplussage, including unnecessary allegations or aliases.
>
> [Adopted effective May 1, 1995; amended August 26, 1999.]

[URCCC 7.06](#) (emphasis supplied).

¶8. The threshold question to be addressed is whether the indictment satisfies the seven requirements of [URCCC 7.06.](#) The indictment complied with the seven enumerated requirements set forth in [URCCC 7.06.](#) However, the issue raised by the appellants is whether the indictment constitutes a definite statement of the *essential facts* as required by [URCCC 7.06](#), so as to fully notify them of the nature and cause of the accusation. They argue that though the language of the indictment is concise, it is neither plain nor definite. They claim that the indictment does not fully notify them of the essential facts at issue, the property that was allegedly received, with sufficient particularity. The appellants also cite ***Wells v. State***, 90 Miss. 516, 43 So. 610 (1907), as authority for the proposition that the indictment does not describe the allegedly stolen goods with sufficient particularity:

> The demurrer to the indictment should have been sustained. It is essential, in an indictment for receiving stolen property, to describe the property with the same particularity as is required in an indictment for larceny.

***Id.*** at 611.

¶9. *Wells* has not been overruled. The last published case citing the *Wells* rule is *Hitt v. State*, 217 Miss. 61, 64-65, 63 So.2d 665, 666, (Miss. 1953) where this Court upheld the requirement that an indictment for receiving stolen property describe the property with the same particularity as an indictment for larceny. An indictment for larceny should describe the property alleged to have been taken with reasonable certainty. The property should be so described as to individualize the transaction to such an extent that the description laid will:

> (1) enable the court to determine that the property alleged to have been taken is the subject of larceny, (2) show the jury that the things proven to have been stolen are those upon which the indictment is founded, (3) reasonably inform the accused of the instance meant in conformity with the usual constitutional guaranty that persons accused of crime shall have the right to demand the nature and cause of the accusation, so that he may properly prepare his defense and (4) be such that the judgment rendered after trial upon the indictment may be pleaded in bar of a subsequent prosecution for the same offense.

*Rutherford v. State*, 196 Miss. 321, 17 So.2d 803, 804 (1944).

¶10. The issue thus becomes whether the indictment in the present case describes the allegedly received stolen property with sufficient particularity so as to allow the appellants to be informed of the nature of the crime with which they are accused, so that they can properly prepare their defenses, and so that they will be adequately shielded from being placed in future jeopardy.

¶11. The State argues that even under the *Wells* rule, the allegedly stolen property is described with sufficient particularity in the indictment to describe the property with reasonable certainty. The State looks by analogy to a line of cases regarding the types of descriptions that must be plead in the indictment in order to prosecute larceny cases. This Court summarized from earlier cases in *Daniel v. State*, 212 Miss. 223, 54 So.2d 272, 273 (1951) that "a diamond ring," "one mule and one horse," and "one suit of clothes" have been a sufficient description of the property at issue, even though a more particular description of each might have been possible. A description of a "neat calf" has been found sufficient. *Miller v. State*, 243 So.2d 558 (Miss. 1971). A description of "110 pounds of dairy feed," along with the value of the feed has been found sufficient. *Barnes v. State*, 230 Miss 299, 92 So.2d 26 (Miss. 1957). An indictment alleging the theft of "two Chevrolet motors (less head) and one Plymouth Motor (with head)" has been found sufficient. *Gant v. State*, 219 Miss. 804, 70 So.2d 26 (1954). A description of "six sacks of ammonium nitrate" has also been found sufficient. *Jones v. State*, 215 Miss. 355, 60 So.2d 805 (1952). The State argues that the description of the items in the indictment at issue is no more vague than in the preceding examples. The State argues that it was sufficient for the Grand Jury to list kinds or categories of property, familiar to people of common understanding, rather than listing the 114 items individually. The State further argues that to have listed each of the 114 items separately would have been unnecessarily and excessively laborious and would have violated URCCC 7.06. The State cites *Cummins v. State*, 515 So.2d 869 (Miss. 1997) which states that it is not fatal for the indictment if the indictment does not state who owned the allegedly stolen property. *Cummins* is different to the present case because in that case the indictment did allege the more significant fact of what the stolen property allegedly received by the defendant actually was.

¶12. We do not accept the State's comparison of these cases with the indictment in the present case. The indictment in the present case contains six classes of items, none of which contain any limiting modifiers. The

appellants are not adequately informed of what they have been charged with receiving. The language of the indictment is insufficient to allow them to adequately prepare their defenses. The indictment in this case refers to classes of allegedly stolen property. The indictment does not describe how many individual TV's, VCR's, cameras, tools or microwaves were received. Because the indictment uses the language "114 items, including. . ." rather than "comprised of," there may be other items that the appellants are accused of receiving which are not even included in the indictment. The description of the allegedly stolen property in this case is readily distinguishable from those descriptions in the line of cases cited by the State.

¶13. The State further argues that URCCC 9.04 allows each of the appellants as a matter of right the opportunity to examine, inspect, test and photograph all of the physical evidence in the possession of the State, thereby eliminating the need for exhaustive descriptions in the indictment. Discovery is not a substitute for the requirements of URCCC 7.06 that the indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation." Though it is beyond dispute that we are now in the age of notice-pleading, the appellants should not be forced to engage in discovery in order to find out the essential facts constituting the offense charged and to be fully notified of the nature and cause of the accusation against them.

¶14. The indictment also misstates the relevant code section in that it cites Miss. Code Ann. § 97-17-69, Miss. Code of 1972, as amended, for the offense of "RECEIVING STOLEN PROPERTY." The cited section was repealed in 1993 and replaced with Miss Code Ann. § 97-17-70. This Court has held that it is the better practice that an indictment should include the statute number under which a defendant is being indicted, however the failure to do so is not necessarily reversible error. *Martin v. State*, 501 So.2d 1124, 1126 (Miss. 1987). However, in this case misidentification of the relevant statute, combined with the aforementioned inadequacies in the indictment itself, does constitute reversible error.

¶15. Finally, the appellants argue that the wording of the indictment is so vague that it could not form the basis of a plea of former jeopardy in a subsequent proceeding. Because we hold the indictment to be deficient as a matter of law, further discussion of the future double jeopardy concerns is not warranted.

## CONCLUSION

¶16. The indictment does not describe the stolen items allegedly received with sufficient particularity as is required by Mississippi rules and precedent. The description is inadequate to enable the appellants to prepare their defenses. The indictment also contains a misidentified statute number. The trial court erred in overruling the demurrer to the indictment. For the foregoing reasons, the order of the Jackson County Circuit Court overruling the appellants' demurrer to the indictment is reversed and the indictment is quashed because it is insufficient as a matter of law.

¶17. **REVERSED**.

**BANKS, P.J., MILLS, WALLER AND DIAZ, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY. SMITH, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY PITTMAN, P.J., AND COBB, J.**

SMITH, JUSTICE, DISSENTING:

¶18. As a matter of due process, a defendant is entitled to reasonable advance notice of the charges against

him and a reasonable opportunity to prepare and present his defense to those charges. ***Jones v. State***, 461 So.2d 686, 693 (Miss.1984). In my view, the appellants were sufficiently put on notice by the description in the indictment to enable them to defend against the charges. Therefore, I respectfully dissent.

¶19. In addition to alleging properly the elements of the felony of receiving stolen property, the indictment sufficiently notifies the defendants of the stolen property allegedly received. Rule 7.06 of the Uniform Rule of Circuit and County Court Practice states, notably, that the indictment shall be "a plain, **concise** and definite" statement of the "**essential** facts" constituting the offense. The indictment complies with Rule 7.06. It charges the defendants with receiving 114 items. It specifically lists the types of items which the defendants allegedly received. The fact that the indictment does not state who owned the property is not fatal to the indictment. ***Cummins v. State***, 515 So. 2d 869, 871-72 (Miss. 1987) overruled on other grounds, ***Morgan v. State***, 703 So. 2d 832, 841, (Miss. 1997).

¶20. The majority concludes that the defendants were not adequately informed of what they have been charged with receiving. In ***Daniel v. State***, 212 Miss. 223, 226, 54 So. 2d 272, 273 (1951), this Court held that an indictment describing the property stolen as "a certain diamond ring" was legally sufficient. The Court went so far as to note that it would have been sufficient for the indictment to describe the property merely as "a ring." ***Id.*** Clearly, the indictment in the case at hand gives the defendants as much, if not more, notice of the property with which they have been charged with receiving. The indictment states that the defendants are charged with receiving TV's, VCR's, cameras, tools and microwaves, totaling 114 in number. In requiring more specificity in an indictment, the majority undermines the purpose of Rule 7.06 and requires the grand jury to engage in laborious hair splitting.

**PITTMAN, P.J., AND COBB, J., JOIN THIS OPINION.**

1. Formerly Rule 2.05 of Uniform Rules of Circuit Court Practice.