¶ 18. As a matter of due process, a defendant is entitled to reasonable advance notice of the charges against him and a reasonable opportunity to prepare and present his defense to those charges. Jones v. State, 461 So.2d 686, 693 (Miss. 1984). In my view, the appellants were sufficiently put on notice by the description in the indictment to enable them to defend against the charges. Therefore, I respectfully dissent.
¶ 19. In addition to alleging properly the elements of the felony of receiving stolen property, the indictment sufficiently notifies the defendants of the stolen property allegedly received. Rule7.06 of the Uniform Rule of Circuit and County CourtPractice states, notably, that the indictment shall be "a plain,concise and definite" statement of the "essential facts" constituting the offense. The indictment complies with Rule7.06. It charges the defendants with receiving 114 items. It specifically lists the types of items which the defendants allegedly received. The fact that the indictment does not state who owned the property is not fatal to the indictment. Cummins v.State, 515 So.2d 869, 871-72 (Miss. 1987) overruled on other grounds, Morgan v. State, 703 So.2d 832, 841, (Miss. 1997).
¶ 20. The majority concludes that the defendants were not adequately informed of what they have been charged with receiving. In Daniel v. State, 212 Miss. 223, 226, 54 So.2d 272, 273 (1951), this Court held that an indictment describing the property stolen as "a certain diamond ring" was legally sufficient. The Court went so far as to note that it would have been sufficient for the indictment to describe the property merely as "a ring."Id. Clearly, the indictment in the case at hand gives the defendants as much, if not more, notice of the property with which they have been charged with receiving. The indictment states that the defendants are charged with receiving TV's, VCR's, cameras, tools and microwaves, totaling 114 in number. In requiring more specificity in an indictment, the majority undermines the purpose of Rule 7.06 and requires the grand jury to engage in laborious hair splitting.
PITTMAN, P.J., AND COBB, J., JOIN THIS OPINION.