PIERCE, Justice,
Dissenting:
¶ 18. Eight days after the Foot Gear in West Point had been relieved of an estimated $109,000 of its inventory and equipment, police, operating on an anonymous tip, discovered numerous articles of brand-new clothing and athletic shoes at the residence of Anthony Tucker. Tucker’s indictment charged that he did “unlawfully, willfully and feloniously, receive or possess the personal property of Haresh Khiantani d.b.a. Foot Gear, to-wit: athletic apparel, said property having a total value in excess of $500.00.” Tucker was convicted, and the Majority would overturn the conviction on the theory that the indictment’s language was insufficiently particular. I dissent.
¶ 19. In Nguyen v. State[4] we said that the stolen property allegedly received must be described with sufficient particularity to allow the appellants to be (1) informed of the nature of the crime of which they are accused, so that they can (2) properly prepare their defenses, and so that they will be (3) adequately shielded from being placed in future jeopardy. The best way to examine this case while remaining true to our precedent in Nguyen is to ask whether this indictment accomplished those protections for Tucker.

Does the indictment inform Tucker of the nature of the crimes with which he has been charged?

¶ 20. Tucker was arrested on October 18, when police found approximately 140 items of athletic apparel at his residence, only eight days after property estimated in excess of $100,000 was taken from Foot Gear.[5] His indictment charged that he had feloniously possessed “the personal property of Haresh Khiantani d.b.a. Foot Gear, to-wit: athletic apparel[.]”[6] We have said that an indictment that is in compliance with the rules and provides actual notice is sufficient to inform the defendant.[7]
¶ 21. The “essential” facts — or those “indispensably necessary”[8] — are that Anthony Tucker feloniously possessed the personal property of Haresh Khiantani d.b.a. Foot Gear in excess of $500 and that he knew or should have known that the same had been feloniously taken. This is all the State needed to prove. These elements were all present in the indictment. This is a plain, clear statement that Tucker is accused of possessing the merchandise stolen from Foot Gear. Further discussion is not merited.

Did the indictment lack specificity so as to prejudice Tucker’s ability to prepare a defense?

¶ 22. The major purpose of any indictment is to furnish the accused a reasonable description of the charges so an adequate defense may be prepared.[9] I fail to see how greater specificity would assist Tucker in his preparation of a defense. The Majority is unable to articulate how greater specificity would assist Tucker in his *141 preparation of a defense. Whether or not blue jeans are athletic apparel[10] has no discernable impact on Tucker’s preparation of his defense.
¶23. The Majority makes hay of a “suggestion” in Nguyen that the indictment in that case should have contained “limiting modifiers.” In Nguyen, we quashed an indictment which charged that the defendants had feloniously received “114 items, including televisions, C.D. players, VCR’s, cameras, tools and microwaves ... the personal property of multiple owners [.]”[11] In considering whether an indictment is fatal if it “does not state who owned the allegedly stolen property,” [12] we signalled that such a flaw was a factor in determining the precision of an indictment as much as how many categories of goods were listed. We also noted the defects of the inclusive language[13] in the indictment. The defendants in Nguyen were on notice only that they were accused of stealing 114 objects from a class of persons that, rhetorically, could have been just as large.
¶ 24. In this case, the class of property identified in the indictment is limited to the athletic apparel owned personally by Haresh Khiantani in his role as owner of Foot Gear. While the Majority argues that the indictment is insufficient because blue jeans are not athletic apparel, the defendant had garbage bags full of brand new clothes and lines of new white shoes in his residence when he was arrested.[14] By the Majority’s logic, a defendant indicted for absconding with a great amount of groceries from the Piggly Wiggly can convince us to review his indictment because he stole an unindicted quantity of aluminum foil in addition to a great amount of groceries.

Did the indictment lack specificity, subjecting Tucker to double jeopardy?

¶25. This is, perhaps, the Majority’s strongest argument. Imprecise indictments leave open the opportunity to for second bites at the apple. Had the jury found Tucker not guilty, the State would have had rhetorical room to charge him with possession of the allegedly stolen blouses and blue jeans. However that rhetorical possibility also was present in Daniel v. State, in which we found “a diamond ring,” “one mule and one horse,” and “one suit of clothes” to be sufficient description of the property.[15] A “neat calf’ was sufficient in Miller v. State,[16] and “six sacks of ammonium nitrate” was precise enough in Jones v. State.[17]
¶ 26. We cannot and should not require a perfect description of the spokes of metaphorical snowflakes to the exclusion of all other items. We require that the State describe the property with reasonable certainty.[18] I do not think that this description of Foot Gear’s inventory — a great deal of which was found in the defendant’s pos *142 session — is uncertain at all. And I suspect that, were a trial court to use the breadth of the indictment to subject Tucker to double jeopardy, we would call that hypothetical decision unreasonable.
¶ 27. Because the indictment instructed Tucker of the nature of the charges against him and so did not prejudice his preparation of a defense or subject him to double jeopardy, I dissent.
CARLSON, P.J., RANDOLPH AND LAMAR, JJ., JOIN THIS OPINION.

. Nguyen v. State, 761 So.2d 873, 876 (Miss.2000).

. Tucker v. State, 47 So.3d 164, 169 (¶¶ 6, 8) (Miss.Ct.App.2010).

. Id. at 174 (¶ 28).

. McNeal v. State, 658 So.2d 1345, 1350 (Miss.1995).

. Black’s Law Dictionary 379 (6th. ed.1991).

. Brown v. State, 890 So.2d 901, 918 (Miss.2004).

. Having seen the riders at the Dixie National Rodeo has, I admit, colored my opinions on accurate garment classification enough that I question my brother justice’s quick disregard of whether blue jeans, boots, and blouses are athletic apparel. Calamity Jane might have disagreed, as well.

. Nguyen, 761 So.2d at 874 (emphasis added).

. Nguyen, 761 So.2d at 877.

. Id. (saying “including” instead of “comprised of”).

. Tucker, 47 So.3d at 172 (¶ 6).

. Daniel v. State, 212 Miss. 223, 54 So.2d 272, 273 (1951).

. Miller v. State, 243 So.2d 558 (Miss.1971).

. Jones v. State, 215 Miss. 355, 60 So.2d 805 (1952).

. Nguyen, 761 So.2d at 873.