SULLIVAN, Justice,
for the Court:
Steve Miller was found guilty of armed robbery by the Circuit Court of Lee County, Mississippi, and sentenced to life imprisonment in the custody of the Mississippi Department of Corrections.
Of the four assignments of error made by Miller, we consider only number 3, as the results of that assignment make consideration of the other three assignments unnecessary.
DID THE TRIAL COURT ERR IN ALLOWING IMPROPER REDIRECT TESTIMONY FROM REBUTTAL WITNESS ROY ROGERS?
Roy Rogers of the Tupelo Police Department testified on direct examination that he knew Steve Miller and that he saw him quite frequently. He testified that on Monday night following the bank robbery of that Monday morning, he went to the neighborhood in which both he and Miller lived. His purpose for that trip was to show photographs taken by the bank cameras of the robber and request the aid and assistance of the members of that community in attempting to identify the robber.
He stopped at a night club in the community and showed the photographs to the crowd of people, one of whom was Steve Miller. Miller walked up to Rogers and asked him if he could look at the pictures. Rogers showed the photographs to Miller and asked Miller if he knew who it was. Miller said he did not know who it was.
When Miller testified on direct examination in his own defense, his version of the interrogation by Officer Rogers was that he walked over to where Rogers was, Rogers showed him a photograph and a sketch of the suspect that had robbed the Bank, and Rogers asked Miller if he knew who it was, or if he knew who it resembled, and Miller responded that he did not. On cross-examination, Miller testified that when Rogers asked him if he knew who the picture was, he told Rogers no, and further told him that the pictures did not look like him and said to him, “No, that’s not me.”
Officer Rogers was called on rebuttal and was asked what was said in the presence of Miller and Rogers when Miller was looking at the pictures. His response was,
A He asked did I mind him looking at them and I said, no, I did not, that I wanted everybody to look at them. He started looking at them along with the other group that was there *947 trying to see them. And, I took my flashlight and held it up where they could see them the best they could. I was in the car. And, at that time I looked at his feet and his cap and it featured the picture. And, in the meantime one. of the boys in the crowd looked at him and said, “Nigger, that’s you.” He said. “That’s you.”
At this point in the response, Miller’s attorney objected and asked that the answer be stricken. The court overruled the objection. The response continues:
A He said, “The best thing for you to do is to catch the late freight.”
Q And what response did the defendant make?
A He didn’t say nothing.
The state contends that this is proper rebuttal testimony, even though it includes hearsay, because it impeaches Miller’s previous testimony on direct and cross-examination that the pictures did not look like him, and it was not him. Bingham v. State, 434 So.2d 220 (Miss.1983), and Ladner v. State, 197 So.2d 257 (Miss.1967).
Miller contends, and correctly so, that this was improper rebuttal. We find this to be true on two counts. The purported rebuttal testimony actually rebuts nothing. Miller had already denied to Rogers that he knew who the man in the picture was and had denied that he was the man in the picture. It is not necessary after two denials for Miller to deny again to Rogers that he is the man in the picture, simply because another person in the crowd says to Rogers, in Miller’s presence, that Miller is the man in the picture. Furthermore, the admission of the testimony of Rogers as to what was said by another party not present in the courtroom and not available to be confronted and cross-examined by Miller denies Miller of a valuable constitutional right under both the Constitution of the United States and the Constitution of the State of Mississippi. U.S. CONST, amend. XIV § 1; MISS. CONST. art. Ill § 26.
We, therefore, find that this assignment has merit. The trial court committed reversible error when it overruled Miller’s objection to this rebuttal testimony by Rogers and refused to order it -stricken from the record.
For this reason, the conviction of the appellant Steve Miller is reversed and the cause is remanded to the Circuit Court of Lee County, Mississippi, for retrial.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
ANDERSON, J., dissents.