515 So.2d 869 (1987)
Billy CUMMINS
v.
STATE of Mississippi.
No. 58308.
Supreme Court of Mississippi.
November 4, 1987.
Rehearing Denied December 9, 1987.
*871 P.J. Townsend, Jr., Townsend, McWilliams & Holladay, Drew, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by DeWitt Allred, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
Billy Cummins was a Sunflower County Supervisor. On March 23, 1987, he was convicted of receiving stolen property in violation of Section 97-17-69, Mississippi Code Annotated (1972). Cummins was sentenced to two (2) years imprisonment, which was suspended; placed on unsupervised probation for two (2) years; fined $5,000.00; and removed from office.
Cummins assigns six errors on this appeal:
I. The indictment was fatally defective and the proof insufficient to convict in failing to allege or prove ownership of the property allegedly stolen and described in the indictment;
II. The State failed to advise the jury that Ray Thomas, who allegedly sold the chemicals to the defendant, and James Eugene Powell, who allegedly stole the chemicals, had been granted immunity for their testimony;
III. The admission of hearsay statements made by Bill Cummins, Jr., through Robert Malone on rebuttal, was not in accord with the spirit or the letter of Rule 803(24) or Rule 804(b)(5) of the Mississippi Rules of Evidence and the admission of such evidence denied the defendant his right to confront witnesses against him;
IV. The admission of the testimony of Officer Robert Malone after the defense rested constituted improper rebuttal testimony and violated the defendant's right to a fair trial;
V. The State failed to advise the defendant, in response to defendant's exculpatory Brady type motion, that the authorities in Louisiana advised that no chemicals were reported stolen; and
VI. The court failed to instruct the jury that the receiving must be with felonious intent.

I.

WAS THE INDICTMENT FATALLY DEFECTIVE AND THE PROOF INSUFFICIENT TO CONVICT IN FAILING TO ALLEGE OR PROVE OWNERSHIP OF THE PROPERTY ALLEGEDLY STOLEN AND DESCRIBED IN THE INDICTMENT?
On January 23, 1987, an indictment was filed charging Billy Cummins, a Sunflower County Supervisor, with receiving stolen property. The indictment alleged that the property which he had received had been "recently stolen from farms in Concordia Parish, Louisiana." Cummins was arrested and released on bond. On the day of the trial, before any proof was offered, Cummins moved to quash the indictment on the ground that it failed to allege ownership of the property. At trial, the State offered James Powell, a self proclaimed professional thief, who claimed to have helped police solve 170 cases of stolen property including the case at hand. Powell testified that he stole the chemicals found in Cummins' shop. When asked where the chemicals had been stolen from Powell responded as follows:

*872 A. Down in Concordia Parish, Louisiana  in the southern part of Louisiana. They were on a farm out in the country.
Q. Do you know whose farm that was?
A. I don't know the individual's name. The Louisiana authorities have that information.
During the hearing on Cummins' motion for a new trial the assistant district attorney revealed to the court that the State did not know to whom the property belonged. She stipulated that she had spoken with the Concordia Parish authorities and was told they had no reports of chemicals being stolen.
Cummins filed a supplemental motion for a new trial based on the State's failure to reveal this information. The motion was denied.
Although it is not briefed as such, this assignment is one which falls under Rule 2.05 of the Uniform Criminal Rules of Circuit Court Practice which provides in pertinent part:
The indictment upon which the defendant is to be tried shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation against him... .
Further, this Court has held that if a statute fully and clearly defines an offense, an indictment in the language of the statute is sufficient. Johnson v. State, 475 So.2d 1136 (Miss. 1985), citing Jackson v. State, 420 So.2d 1045 (Miss. 1982). The indictment in question charged Cummins with receiving stolen goods, knowing them to be stolen, and provided a sufficient description of the goods to enable Cummins to prepare his defense.
Because we find that Cummins' indictment fairly tracks the language of the statute, and is in fact more specific than the statute, we find it also sufficient under Rule 2.05. Accordingly, we find Cummins' first assignment of error without merit.

II.

DID THE STATE'S FAILURE TO ADVISE THE JURY THAT RAY THOMAS, WHO ALLEGEDLY SOLD THE CHEMICALS TO CUMMINS, AND JAMES EUGENE POWELL, WHO ALLEGEDLY STOLE THE CHEMICALS, HAD BEEN GRANTED IMMUNITY FOR THEIR TESTIMONY CONSTITUTE REVERSIBLE ERROR?
Cummins never offered any objection or jury instructions on this matter; therefore consideration of this assignment is procedurally barred and we do not reach its merits. Gray v. State, 487 So.2d 1304 (Miss. 1986); Gray v. State, 472 So.2d 409 (Miss. 1985); Shelton v. State, 445 So.2d 844 (Miss. 1984); Rule 42, Miss.Sup.Ct. Rules.

III.

WHETHER ADMISSION OF HEARSAY STATEMENTS MADE BY BILL CUMMINS, JR., THROUGH THE WITNESS, ROBERT MALONE, ON REBUTTAL, WAS NOT IN ACCORD WITH RULE 803(24) OR RULE 804(b)(5) OF THE MISSISSIPPI RULES OF EVIDENCE AND THE ADMISSION OF SUCH EVIDENCE DENIED THE DEFENDANT HIS RIGHT TO CONFRONT WITNESSES AGAINST HIM?

IV.

WHETHER ADMISSION OF THE TESTIMONY OF OFFICER ROBERT MALONE AFTER THE DEFENSE RESTED CONSTITUTED IMPROPER REBUTTAL TESTIMONY AND VIOLATED THE DEFENDANT'S RIGHT TO A FAIR TRIAL.
Two days before the beginning of the trial the State attempted to subpoena Cummins' son (Bill, Jr.) but found that he was out of town. When the subpoena was returned unexecuted, the State served notice pursuant to Rule 803(24), Mississippi Rules of Evidence that it intended to use an oral statement made by Bill Cummins, Jr., "I told daddy not to fool with that damned *873 man, Ray Thomas. I used some of the chemicals, do you want me to replace them?" This notice was given one day before the beginning of the trial. The trial judge allowed these and other out of court declarations of Bill Cummins, Jr., to be admitted through the State's rebuttal witness, Robert Malone.
Cummins contends that Rule 803(24) did not permit the admission of the hearsay testimony against him arguing that the language of the rule itself and the advisory committee notes preclude the admission of this evidence. Cummins believes that the erroneous admission of the hearsay evidence denied him a fair trial. The State argues that the testimony was admissible under Rule 803(24) or Rule 804(b)(5), Mississippi Rules of Evidence. The authority advanced in support of these propositions will be examined in the analysis of the rule.
Rule 803(24) provides:

Hearsay Exceptions; Availability of Declarant Immaterial.
The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
(24) Other exceptions. A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant.
Rule 804(b)(5) provides the same treatment when the declarant is unavailable.
Before any evidence may be admitted under the residual exceptions to the hearsay rule the following conditions must be met. These are:
(1) The proponent of the evidence must give the adverse party the notice specified within the rule.
(2) The statement must have circumstantial guarantees of trustworthiness equivalent to the 23 specified exceptions listed in Rule 803.
(3) The statement must be offered as evidence of a material fact.
(4) The statement must be more probative on the point for which it is offered than any other evidence the proponent can procure through reasonable efforts.
(5) The general purposes of the Federal Rules and the interests of justice must best be served by admission of the statement into evidence.
United States v. Mathis, 559 F.2d 294 (5th Cir.1977). When interpreting the identical Federal Rules of Evidence courts have required that these findings be made explicitly on the record. See United States v. Guevara, 598 F.2d 1094, 1100 (7th Cir.1979).
Because we find that the proceedings below did not satisfy the above requirements we reverse and remand offering the following guidance:
[1] The residual exceptions to the hearsay rule require that the proponent of evidence to be offered must give notice to the party against whom the evidence is to be offered. This notice should be given "sufficiently in advance of the trial or hearing to provide ... a fair opportunity to meet it... ." United States v. Mathis, 559 F.2d 294, 299 (5th Cir.1977). It should be determined by the trial judge whether the notice given was sufficient. Great latitude is usually allowed depending on the facts and circumstances of each case and the context in which the evidence arises. United States v. One 1968 Piper Navajo Twin Engine Aircraft, 594 F.2d 1040, 1041 (5th Cir.1979); United States v. Davis, 571 F.2d 1354 (5th Cir.1978); United States v. Leslie, 542 F.2d 285 (5th Cir.1976). Only the *874 second circuit has applied a rigid standard in determining if the notice requirement was met. United States v. Ruffin, 575 F.2d 346, 358 (2d Cir.1978).
One day before trial is not sufficient notice to provide a fair opportunity to contest the admissibility of the statements contained therein. Further, the hearsay evidence offered through Robert Malone exceeded the scope of the notice given. To the extent that the evidence offered at trial exceeded the scope of the notice given to defendant, the defendant was denied a fair opportunity to contest the admissibility of the evidence. A criminal defendant against whom evidence is offered under this rule should neither be required to interview witnesses the night before the trial nor be surprised at trial when the hearsay evidence offered exceeds the scope of the notice given. The notice requirement of the residual exceptions to the hearsay rule was not met.
[2] Before evidence is admitted pursuant to the residual exceptions to the hearsay rule it should be found by the trial court that the hearsay evidence possesses "circumstantial guarantees of trustworthiness." United States v. Ruppel, 666 F.2d 261, 271 (5th Cir.1982). The trial judge must find that the evidence offered is as trustworthy as that which could be offered under the 23 specified exceptions listed in Rule 803. To do this the need for the evidence must be balanced against the trustworthiness of the evidence. Herdman v. Smith, 707 F.2d 839, 842 (5th Cir.1983); United States v. White, 611 F.2d 531, 538 (5th Cir.1980).
It has been said that in order to determine reliability, "a trier must be able to determine the credibility of the extra-judicial declarant when he made the statement attributed to him and to do this the statement must be viewed as a part of the other evidence in the case." Weinstein, Probative Force of Hearsay, 46 Iowa Law Review 331, 333 (1961). Other factors considered are whether the statement was written or oral, the character of the statement, the relationship of the parties, the motivation of the declarant in making the statement, and the circumstance under which the statement was made. Weinstein, Evidence, Volume 4, Page 803-376 (1985).
In the case at hand the trial judge found only that the evidence was material. The State offered no evidence and the trial judge made no finding that the hearsay statements offered were sufficiently reliable. In the absence of a finding that the hearsay statements offered were sufficiently reliable, it was error to admit them pursuant to the residual exceptions to the hearsay rule.
[3] This requirement adds nothing to the law of evidence in that materiality is already required under Rules 401 and 402 of the Mississippi Rules of Evidence. Cummins had stated that he had no use for the chemicals and that his son had never used any of the chemicals. Whether the chemicals were used by a member of the Cummins' family was certainly a material issue. In ruling on the objection the trial judge stated that the evidence offered met the materiality test. With respect to this requirement the trial judge's ruling was correct.
[4] In order to be admissible under the residual exceptions, the evidence offered must be "more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts." See Byrd v. Hunt Tool Shipyards, Inc., 650 F.2d 44, 46 (5th Cir.1981); Huff v. White Motor Corp., 609 F.2d 286, 294 (7th Cir.1979).
In this case the prosecution did not attempt to procure the attendance of Bill Cummins, Jr., until two days before the trial. His personal testimony would be more probative than hearsay offered through Robert Malone. This requirement raised an issue of fact for the trial judge as to whether or not the State used reasonable efforts to procure the live testimony of Bill Cummins, Jr. Absent such a finding the evidence cannot be admitted under the residual exception to the hearsay rule.
*875 [5] Before allowing evidence to be introduced under a residual exception to the hearsay rule the trial judge should find that the general purposes of the Mississippi Rules and the interests of justice are served by the admission of the hearsay statement. To determine if this requirement is satisfied a trial judge should look to Rule 102, Mississippi Rules of Evidence which outlines the purposes of the rules and the manner in which they are to be construed.
Neither the interest of justice nor the purposes of the rules were served by the admission of this hearsay statement against Cummins during the State's rebuttal case.
The record reflects only that some notice was given and that the trial judge found the hearsay evidence to be material. In the absence of specific findings that the other requirements were fulfilled it was error to admit this evidence under the residual exception to the hearsay rule.
[6] In United States v. Mathis, supra, the Fifth Circuit has recognized a preference for live testimony over hearsay testimony by an out of court declarant. United States v. Mathis, supra; citing United States v. Lynch, 499 F.2d 1011 (D.C. Cir.1974); United States v. Williams, 447 F.2d 1285 (5th Cir.1971); California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). Although this is true in both civil and criminal cases the court especially noted that in criminal cases there is "an added consideration to be given weight in favor of the preference for live testimony. This consideration flows from the Sixth Amendment right of confrontation." United States v. Mathis, at 299. In Miller v. State, 473 So.2d 945 (Miss. 1985), this Court reversed a conviction because hearsay evidence was improperly admitted as rebuttal testimony. Miller, 473 at 947. The Court stated, "The admission of the testimony of Rogers as to what was said by another party not present in the courtroom and not available to be confronted and cross-examined by Miller denies Miller of a valuable constitutional right under both the Constitution of the United States and the Constitution of Mississippi." Miller, 473 at 947, citing U.S. Constitution, Amendment XIV, Section 1; Mississippi Constitution of 1890, Article III, Section 26.
While this assignment could be decided solely on the basis of Rule 803(24), it is important to note that any hearsay evidence offered against a criminal defendant may implicate the confrontation clause. In these cases the new Mississippi Rules of Evidence must be interpreted so as not to offend either the confrontation clause of the United States Constitution nor that of the Mississippi Constitution of 1890. In interpreting these rules, the advisory committee notes and the legislative histories are often helpful. The legislative history to Rule 803(24) provides that:
It is intended that the residual hearsay exceptions will be used very rarely, and only in exceptional circumstances. The committee does not intend to establish a broad license for trial judges to admit hearsay statements that do not fall within one of the other exceptions contained in Rules 803 and 804(b).
Federal Rules of Evidence, Rule 803.
In conclusion, since the State made no showing of unavailability this assignment is properly analyzed only under Rule 803(24). Further, under Rule 803(24) the hearsay testimony offered through Robert Malone is inadmissible. Thus not only is the substance of this testimony inadmissible but even admissible testimony may only be admitted upon specific findings by the trial judge that each requirement of Rule 803(24) was met.

V.

DID THE TRIAL COURT ERR IN NOT GRANTING A NEW TRIAL BECAUSE THE PROSECUTION FAILED TO DISCLOSE THAT THE AUTHORITIES IN LOUISIANA ADVISED THAT NO CHEMICALS WERE REPORTED STOLEN?
The indictment charged Cummins with receiving property "recently stolen from farms in Concordia Parish, Louisiana." *876 Cummins filed a Brady motion and the prosecution opened its file to him.
James Powell testified at trial that he had stolen the chemicals in question from a farm in Concordia Parish, Louisiana. When asked if he knew whose farm the chemicals were stolen from Powell replied, "I don't know the individual's name. Louisiana authorities have that information." During the hearing on Cummins' motion for a new trial, the assistant district attorney stated that the Louisiana authorities had told her that they had received no reports of chemicals being stolen in Concordia Parish. Later the district attorney entered a stipulation to this effect.
Cummins requested the State to produce any exculpatory evidence, evidence which would lead to exculpatory evidence, evidence which would be useful for impeachment, or other evidence materially favorable to him in either exculpation or impeachment of the State's witnesses. This request was adequate to impose the duty to disclose on the prosecution. Malone v. State, 486 So.2d 367, 369 (Miss. 1986).
Powell's statement that the Louisiana authorities knew where the property was stolen from was false. Whether the State knew at the time of trial that this statement was false is unclear, however, it is unnecessary for us to determine that question. In Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the United States Supreme Court announced the following rule:
We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.
373 U.S. at 87, 83 S.Ct. at 1196-97.
In Giglio v. United States, 405 U.S. 150, 154, 92 S.Ct. 763, 766, 31 L.Ed.2d 104, 108 (1972), the United States Supreme Court recognized that suppression of material evidence which would be useful in impeaching the State's witnesses was within the Brady rule.
In United States v. Bagley, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985), the court considered the standard of materiality to be applied in cases where the prosecution fails to disclose evidence requested by the defendant that could be used to impeach the government's witness. The court explained that Brady requires a finding of materiality and that a new trial is required only if the false testimony could have affected the jury's judgment. United States v. Bagley, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).
The court announced the following test for materiality:
The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome.
473 U.S. at 681, 105 S.Ct. at 3375, 87 L.Ed.2d at 494.
The State contends that Powell's testimony was not material under that standard. We disagree. Powell, a confessed thief, was the only witness who could establish those elements of the indictment which alleged that the property was stolen. In Giglio v. United States, the court held that the case must be reversed for a new trial since the prosecution failed to disclose material evidence which would have been useful for the impeachment of their only witness who could establish the facts alleged in the indictment. Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).
We think that Powell's false testimony was of such importance that the suppression of the evidence with which Cummins could have impeached Powell denied Cummins his right to a fair trial and thus constitutes reversible error.

VI.

DID THE TRIAL COURT ERR IN FAILING TO INSTRUCT THE JURY THAT THE RECEIVING MUST BE WITH FELONIOUS INTENT?
The State's instructions were offered without any objection and Cummins *877 offered no instruction regarding felonious intent. In the absence of an objection at trial this Court will examine only to prevent manifest injustice. Rule 42, Miss.Sup. Ct.Rules; Gates v. State, 484 So.2d 1002 (Miss. 1986); Shelton v. State, 445 So.2d 844 (Miss. 1984). Although Section 97-17-69, Mississippi Code Annotated (1972), implicitly requires felonious intent, the record reflects that the jury instruction sufficiently tracked the statute and that there was ample evidence of Cummins' wrongful intent. We find that this deficiency did not result in a manifest injustice and therefore, find this assignment without merit.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.