812 So.2d 1010 (2001)
Robert O. THOMAS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KA-01744-COA.
Court of Appeals of Mississippi.
January 16, 2001.
Joseph A. Fernald Jr., Brookhaven, Attorney for Appellant.
Office of the Attorney General by Wayne Snuggs, Attorney for Appellee.
*1011 Before McMILLIN, C.J., BRIDGES, and MYERS, JJ.
MYERS, J., for the Court:
¶ 1. Robert O. Thomas was convicted in the Lincoln County Circuit Court of both manslaughter and shooting into an automobile under Miss.Code Ann. § 97-25-47 (Rev.2000). Thomas received a twenty year sentence with seven and one-half years suspended on count one. On count two he received five years with one year suspended in the custody of the Mississippi Department of Corrections. He is aggrieved of his conviction and sentencing and now appeals presenting two issues for our consideration.
I. THE TRIAL COURT WAS IN ERROR WHEN IT REFUSED TO ALLOW THE STATEMENT OF SHARON WILSON TO BE ENTERED UNDER RULE 804 OF THE MISSISSIPPI RULES OF EVIDENCE.
II. THE VERDICT OF THE JURY WAS CONTRARY TO THE OVERWHELMING WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL.
¶ 2. Finding these arguments to be without merit, we affirm the sentences given to Robert O. Thomas.

FACTS
¶ 3. Murray Wilson arrived in the early morning hours of April 7, 1999, at the home of Robert Thomas. Sharon Wilson, Murray Wilson's estranged wife, was spending the night with Robert Thomas. Mr. Thomas was prepared for Mr. Wilson's arrival and was armed. Mr. Thomas saw Mr. Wilson make a sudden movement inside his truck, while uttering threats, and fired at Mr. Wilson's truck with Mr. Wilson in it. After the shots were fired, the Nissan truck stalled, with its engine racing next to the trailer of Robert Thomas.
¶ 4. Mr. Wilson was mortally wounded. Mr. Thomas and Sharon Wilson, Murray's estranged wife, moved the truck approximately one mile from the trailer and left Mr. Wilson's body in the truck. Mr. Thomas drove the truck and he was followed by Sharon Wilson in her little red Cavalier.
¶ 5. While patrolling, Deputy Sheriff Hawthorne was called about the shooting. On his way to the trailer park, Hawthorne passed a red car that had been described as leaving the scene of the shooting. He stopped the car and found Sharon Wilson and Robert O. Thomas.
¶ 6. Officer Bruce Jackson arrived and took Wilson and Thomas into custody. Officer Hawthorne then went and found the green Nissan pulled over to the side of the road. He immediately noticed a gunshot hole in the windshield of the car and, upon looking into the car, he saw the deceased. Mr. Wilson slumped over the front seat of the truck with blood on his shirt.
¶ 7. After being given his Miranda rights, Thomas told Officer Bruce Jackson he shot three or four times. Supposedly, Thomas did not know who was in the truck. He supposedly could not see well enough because of the truck's lights. The Nissan truck had been hit by three gunshots and the medical pathologist testified that the gunshot wound to the chest of Mr. Wilson was the cause of death. Testimony further showed that Mr. Wilson would have survived had he received medical attention within some twenty minutes of his having been shot.

DISCUSSION

I. THE TRIAL COURT WAS IN ERROR WHEN IT REFUSED TO ALLOW THE STATEMENT OF *1012 SHARON WILSON TO BE ENTERED UNDER RULE 804 OF THE MISSISSIPPI RULES OF EVIDENCE.
¶ 8. Sharon Wilson was unavailable to testify under M.R.E. Rule 804 and her statement was provided by the State to the defense in its discovery. Mr. Thomas justifies the shooting of Mr. Wilson as self-defense. The State brought the presence of cocaine in Mr. Wilson's blood into evidence in direct testimony. The defense sought to put the statements of Sharon Wilson into evidence and on the record pursuant to M.R.E. Rule 804. The defense claims that the statement was a corroboration of the fact that Mr. Thomas knew about the cocaine usage of Mr. Wilson and that the statement of Sharon Wilson alluded to that usage in the criminal record of Mr. Wilson. Mrs. Wilson's unavailability under Rule 804(a)(1) was due to her privilege against self-incrimination. The State opposed the admission of this statement because it was not probative and the defense had not provided notice to the state of their intention to offer the statement in violation of Rule 804(b)(5)(b). The record cited reflects that Thomas's counsel did not contest or offer any justification for his lack of notice to the prosecution about any intent to use this out-of-court statement by Sharon Wilson. Thomas argued that the statement by Sharon Wilson was both trustworthy as well as a necessary part of his self-defense.
¶ 9. In Cummins v. State, 515 So.2d 869, 873-74 (Miss.1987) (overruled on other grounds), the court stated that one day notice before trial was not sufficient for providing notice under the residual exception to the hearsay rule.
The residual exception to the hearsay rule requires that the proponent of evidence to be offered must give notice to the party against whom the evidence is to be offered. This notice should be given "sufficiently in advance of the trial or hearing to provide ... a fair opportunity to meet it. ...." United States v. Mathis, 559 F.2d 294, 299 (5th Cir.1977). It should be determined by the trial judge whether the notice given was sufficient...
One day before trial is not sufficient notice to provide a fair opportunity to contest the admissibility of the statements contained therein.
Id.
¶ 10. Thomas argues that the hearsay under Rule 804(b)(5) should have been admitted because the trial court did not rule on the five factors cited in Parker v. State, 606 So.2d 1132, 1139 (Miss.1992), which are trustworthiness, materiality, probative value, interest of justice and notice to the other side. However, this was not mentioned before the trial court. In Conner v. State, 632 So.2d 1239, 1255 (Miss.1993) (overruled on other grounds), this Court stated that objections made with the trial court cannot be enlarged upon appeal.
An objection on one or more specific grounds constitute a waiver of all other grounds. Stringer v. State, 279 So.2d 156, 158 (Miss.1973); see McGarrh v. State, 249 Miss. 247, 276, 148 So.2d 494, 506 (1963) (objection cannot be enlarged in reviewing court or embrace omission not complained of at trial). Cert denied, 375 U.S. 816, 84 S.Ct. 50, 11 L.Ed.2d 51 (1963). Since Conner failed to object to the State's form of verdict instruction on grounds that it was incomplete, he is procedurally barred from raising the point here.
Id. Thomas's motion for a new trial does not mention any of these five factors.
¶ 11. Moreover, the record indicates that while Wilson's statements to Thomas *1013 were not admitted, there was, nevertheless, testimony before the jury from Dr. Hayne about the victim's prior use of cocaine.
¶ 12. In Minnick v. State, 551 So.2d 77, 88-89 (Miss.1988), the court found that the trial court had not erred in refusing hearsay under Rule 804(b)(5), the hearsay residual exception. The court found that Minnick had not successfully demonstrated that hearsay statements met the requirements of Rule 804(b)(5). Id. This requirement included not only "notice" and "reliability," but also "reasonable efforts" to procure live testimony. Id.
As Cummins states, "this requirement raised an issue of fact as to whether or not [the proponent] used reasonable efforts to procure live testimony... Absent such a finding the evidence cannot be admitted under the residual exception to the hearsay rule." Cummins, 515 So.2d at 874.
Minnick did not successfully demonstrate at trial that Stockwell's statements met the requirements of Rule 804(b)(5), and the trial judge correctly excluded the statements from evidence. Minnick makes no better argument here on appeal. Therefore, this assignment of error is without merit.
Id.
¶ 13. In the instant cause, Sharon Wilson, the source of the statements about the victim supposedly using cocaine, was also charged with being an accessory after the fact of murder. There was no showing of any "reasonable effort" to subpoena her or have her testify narrowly only on this one issue so vital to Thomas's defense.
¶ 14. Finally, not having Sharon Wilson's statements before the jury did not prevent Thomas from testifying to the jury about how much he supposedly feared the deceased victim, Mr. Murray Wilson. Thomas testified that Wilson had threatened him before the night of the tragic incident, and more than once supposedly during the confrontation at the back of his trailer. This was the confrontation, according to Thomas's testimony, that resulted in having him fire three shots into the green Nissan truck. This was done, according to Thomas, to protect his own life. Thomas testified that he did not intend to kill the victim. The jury had previously heard Dr. Hayne mention the cocaine in the victim's blood at the time of his death.
¶ 15. This Court finds that the trial court's failure to admit Sharon Wilson's out-of-court statement was not error and this argument lacks merit.

II. THE VERDICT OF THE JURY WAS NOT CONTRARY TO THE OVERWHELMING WEIGHT OF EVIDENCE PRESENTED AT TRIAL.
¶ 16. Robert Thomas asserts that the verdict of the jury is against the overwhelming evidence presented at trial and states that he clearly acted in self-defense against the acts of Murray Wilson.
¶ 17. The standard for reviewing the denial of a JNOV is whether or not the evidence was sufficient to warrant such and whether fair-minded jurors could have arrived at the same verdict. White v. State, 761 So.2d 221, 224 (Miss.Ct.App. 2000).
In appeals from an overruled motion for JNOV the sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. The credible evidence consistent with ... [a defendant's] guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence....
Id. See also McClain v. State, 625 So.2d 774, 778 (Miss.1993).
*1014 ¶ 18. The challenge is to determine whether evidence sufficiently supports the guilty verdict. White, 761 So.2d at 227. Based on the testimony of the two immediate next door neighbors, Bassinet and Davis, as well as the testimony of Officer Jackson and the other State's witnesses, fair-minded jurors could have and did arrive at the same verdict. The jurors considered the testimony, decided the State met their burden and concluded that he was guilty of manslaughter and firing into a vehicle.
¶ 19. In Sadler v. State, 407 So.2d 95, 97 (Miss.1981), the Mississippi Supreme Court stated:
On appeal in this situation, in passing upon the sufficiency of evidence to support a verdict, this Court must accept as true the evidence which supports the verdict. Murphree v. State, 228 So.2d 599 (Miss.1969). The resolution of such conflicts as there were in the evidence in this case was, peculiarly for the jury. In Hankins v. State, 288 So.2d 866 (Miss.1974), it was said:
In Evans v. State, 159 Miss. 561, 132 So. 563 (1931), we stated:
We invite the attention of the bar to the fact that we do not reverse criminal cases where there is a straight issue of fact, or a conflict in the facts; juries are impaneled for the very purpose of passing upon such questions of disputed fact, and we do not intend to invade the province and prerogative of the jury.
Sadler, 407 So.2d at 97.
¶ 20. There was an abundance of credible substantial evidence in support of the decision of the jury, and the Court finds that this issue brought by Robert Thomas lacks merit.
¶ 21. THE JUDGEMENT OF THE LINCOLN COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I OF MANSLAUGHTER AND SENTENCE OF TWENTY YEARS; COUNT II OF SHOOTING INTO AN AUTOMOBILE AND SENTENCE OF FIVE YEARS TO RUN CONCURRENTLY TO SENTENCE IN COUNT ONE, TO SERVE THE FIRST TWELVE AND ONE-HALF YEARS WITH THE LAST SEEN AND ONE-HALF YEARS TO BE SERVED ON POST RELEASE SUPERVISION WITH LIMITATIONS, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $5,000, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, LEE, PAYNE, and THOMAS, JJ., concur. IRVING, J., concurs in result only. CHANDLER, J., not participating.