# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-KM-01603-COA

RYAN RHYMER A/K/A RYAN P. RHYMER                                  **APPELLANT**
A/K/A RYAN PATRICK RHYMER

v.

STATE OF MISSISSIPPI                                                   **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/14/2013 |
| TRIAL JUDGE: | HON. LEE SORRELS COLEMAN |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LANCE O'NEAL MIXON |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| TRIAL COURT DISPOSITION: | CONVICTED OF DRIVING UNDER THE INFLUENCE, FIRST OFFENSE, AND FINED $300; AND CONVICTED OF CARELESS DRIVING AND FINED $25 |
| DISPOSITION: | AFFIRMED - 03/24/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., ISHEE AND CARLTON, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1. Ryan Rhymer appeals the Oktibbeha County Circuit Court's judgment finding him guilty of driving under the influence (DUI), first offense, and careless driving. On appeal, Rhymer argues his DUI and careless-driving convictions are against the overwhelming weight of the evidence. Finding no error, we affirm.

## FACTS

¶2.     The Oktibbeha County Justice Court convicted Rhymer of DUI in Cause No. 2012-0399-CRA and of careless driving in Cause No. 2012-0400-CRA. Rhymer appealed his convictions to the circuit court, which tried the two causes together in a trial de novo by bench trial.

¶3.     During the trial, Deputy Tim Cook testified that, just before 2 a.m. on July 20, 2012, he pulled Rhymer over after witnessing Rhymer's truck weave across the center lane of traffic. Deputy Cook testified that when he approached Rhymer's truck he smelled alcohol coming from inside the vehicle and saw an open beer can inside the truck. According to Deputy Cook's testimony, he never noticed tobacco or anything else inside Rhymer's mouth when speaking with Rhymer.

¶4.     Following the traffic stop, Deputy Cook had Rhymer blow into a portable breath-test machine, which registered a positive result for alcohol. After arriving at the sheriff's department, Rhymer agreed to submit to a second test. Following the automated screen prompts from the Intoxilyzer 8000, Deputy Cook administered the second test. The test results from the two breath samples submitted by Rhymer indicated that Rhymer had a breath-alcohol concentration (BAC) of 0.10 percent.

¶5.     Rhymer's coworkers Cody Smith and Jason Johnson also provided trial testimony. Smith testified that he ate dinner with Rhymer around 7:30 p.m. the evening before Rhymer's arrest and then went back out with Rhymer from around 9 p.m. to 1:30 a.m. Smith testified that Rhymer consumed several alcoholic beverages during their time together but did not consume any more alcohol after midnight. Smith further testified that Rhymer never

2

appeared to be impaired or under the influence of alcohol at any point during the evening.

¶6.     Johnson, another one of Rhymer's coworkers, testified that he received a phone call around 2:30 a.m. on July 20, 2012, asking if he would pick up Rhymer's truck. When Johnson arrived at the location where Deputy Cook had pulled over Rhymer, Johnson approached Rhymer and spoke with him for a few minutes. Johnson testified at trial that Rhymer had appeared normal and did not seem to be impaired or under the influence of alcohol when the two men spoke.

¶7.     Rhymer also testified during his trial. He stated that, starting around 4:45 p.m. on July 19, 2012, and continuing over the course of the evening, he consumed about five alcoholic beverages. According to Rhymer's testimony, when Deputy Cook pulled him over, he had dipping tobacco in his mouth and informed Deputy Cook of this fact. Rhymer testified, however, that Deputy Cook said that was fine and still instructed Rhymer to blow into the portable breath-test machine. Rhymer testified that Deputy Cook then told him to spit out his tobacco, and Rhymer complied with the request. Rhymer testified that Deputy Cook asked whether Rhymer had anything with which to rinse out his mouth, and Rhymer replied that he did not.

¶8.     Rhymer also testified that, after arriving at the sheriff's station and prior to taking the Intoxilyzer 8000 test, he asked for a drink of water to rinse out his mouth. Rhymer testified that he made the request because he still had tobacco between his teeth and in his retainer. Rhymer further testified that Deputy Cook refused the request and informed Rhymer that he could have some water after Deputy Cook was finished with him.

3

¶9. Rhymer's attorney tendered Dr. Jimmie Valentine as an expert in clinical pharmacology and toxicology. Dr. Valentine testified that he was familiar with the protocols for using the Intoxilyzer 8000 to administer a breath test. According to Dr. Valentine's testimony, the tobacco used by Rhymer contained the ingredient ethyl alcohol. Dr. Valentine further stated that, in his expert opinion, the presence of dipping tobacco in a person's mouth could affect a breath test. Dr. Valentine testified that the Intoxilyzer 8000 was unable to differentiate between the alcohol in the tobacco and the alcohol from a person's lungs. Based on his own mathematical calculations, Dr. Valentine estimated that Rhymer's BAC was between 0.027 percent and 0.066 percent at the time Deputy Cook stopped him.

¶10. The circuit court entered two orders finding Rhymer guilty of both DUI and careless driving. For the DUI conviction in Cause No. 2012-0399-CRA, the circuit court judge fined Rhymer $300. For the careless-driving conviction in Cause No. 2012-0400-CRA, the circuit court judge fined Rhymer $25. Rhymer subsequently filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial. The circuit court denied Rhymer's motion, and Rhymer now appeals his convictions to this Court. In the interest of judicial economy and efficiency, Rhymer's two causes have been consolidated into a single case for purposes of his appeal to this Court.

**DISCUSSION**

¶11. On appeal, Rhymer argues that his DUI and careless-driving convictions are against the overwhelming weight of the evidence. When reviewing the circuit court's denial of Rhymer's motion for a new trial and Rhymer's argument that his convictions are against the

4

overwhelming weight of the evidence, we weigh the evidence in the record in the light most favorable to the verdicts. *McCallum v. State*, 996 So. 2d 189, 194-95 (¶23) (Miss. Ct. App. 2008). Furthermore, we accept as true all evidence in favor of the State, and we reverse only if the circuit court abused its discretion. *Price v. State*, 892 So. 2d 294, 297 (¶11) (Miss. Ct. App. 2004). "[W]e will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." *McCallum*, 996 So. 2d at 194 (¶23) (citation omitted).

¶12.    Rhymer argues that the circuit court judge failed to provide any factual or legal basis to support his convictions. Specifically, Rhymer asserts that the circuit court judge failed to make any ultimate findings of fact or conclusions of law regarding Dr. Valentine's expert testimony and regarding the conflicting testimony about whether Rhymer had tobacco in his mouth at the time Deputy Cook stopped him. Rhymer contends that the circuit court judge's decision to find him guilty without making such findings constituted an abuse of discretion. He therefore asks this Court to either reverse and render his convictions or to reverse and remand for a new trial.

¶13.    As our precedent recognizes, the findings of a circuit court judge sitting without a jury are safe on appeal where they are supported by substantial, credible, and reasonable evidence. *Kea v. Keys*, 83 So. 3d 399, 408 (¶27) (Miss. Ct. App. 2011). This Court will only disturb the circuit court judge's findings if he abused his discretion, was manifestly wrong or clearly erroneous, or applied an erroneous legal standard. *Id.*

¶14.    In the present case, testimony provided at trial disputed Rhymer's assertions that he

had tobacco in his mouth at the time Deputy Cook stopped him and that he informed Deputy Cook of this fact. Deputy Cook testified that he observed Rhymer for at least twenty minutes before administering a breath test. Although Rhymer admitted that he had consumed five or six beers earlier that night, Deputy Cook testified that Rhymer did not consume any foods or liquids between the time of the traffic stop and the breath test. According to Deputy Cook's testimony, he never noticed tobacco or anything else inside Rhymer's mouth during his conversations with Rhymer. Furthermore, Deputy Cook testified that Rhymer never stated that he had tobacco in his mouth or that he wished to rinse his mouth out prior to taking the breath test.

¶15. Following Rhymer's trial, the circuit court judge made his findings of fact and conclusions of law. Sitting as the trier of fact during Rhymer's bench trial, the circuit court judge possessed the sole authority to determine the credibility of the witnesses who testified. *See Kea*, 83 So. 3d at 408 (¶27). Although conflicting testimony was presented about whether Rhymer had tobacco in his mouth at the time Deputy Cook administered the breath test, the circuit court judge determined Deputy Cook's testimony to be the most credible.

¶16. The circuit court judge noted that Rhymer had consumed five or six beers prior to the traffic stop. The circuit court judge also noted that the defense witnesses who testified about the amount of alcohol Rhymer consumed prior to the traffic stop were both Rhymer's close friends and his subordinate employees. Therefore, after considering all the evidence and testimony presented during trial, the circuit court judge found Rhymer guilty of both the DUI and careless-driving charges.

¶17. After weighing the evidence in the light most favorable to the verdicts and accepting as true all evidence in favor of the State, we cannot find upon review that the verdicts in this case are so against the weight of the evidence that they constitute an unconscionable injustice. *See McCallum*, 996 So. 2d at 194 (¶23); *Price*, 892 So. 2d at 297 (¶11). We therefore find no abuse of discretion in the circuit court judge's decision to deny Rhymer's motion for a new trial. As a result, this issue lacks merit.

¶18. **THE JUDGMENT OF THE OKTIBBEHA COUNTY CIRCUIT COURT OF CONVICTION OF DRIVING UNDER THE INFLUENCE, FIRST OFFENSE, AND FINE OF $300; AND CONVICTION OF CARELESS DRIVING AND FINE OF $25, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**